## Case No. 7,484.

JONES et al. v. NEWSOM et al.

[7 Biss. 321.] [1]

Circuit Court. D. Indiana.   Dec., 1876.

---

[2] [From 2 Mart. (N. C.) 81.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Baker, Hord & Hendricks and Herod & Winter, for complainants.

H. W. Harrington and McDonald & Butler, for intervening creditors.

GRESHAM, District Judge.   William McEwen took the assets in question, clothed with a trust. In equity they belonged to the creditors of McEwen & Jones. William McEwen was the trustee of these creditors, and upon a proper application a court of equity would have compelled him to account to them for the trust property. The individual creditors of a surviving partner who has possession of the firm assets have no claim on those assets as against the firm creditors.

The fact that the creditors of McEwen & Jones failed to assert their right to these assets from the time of the virtual dissolution of that firm in March, 1870, until the bankruptcy of McEwen & Sons in September, 1871, cannot be said to amount to laches on their part. There is nothing in the evidence showing that McEwen & Sons ever paid a cent for these assets or claimed any title to them.

The adjudication of bankruptcy against William McEwen & Sons operated upon the

firm and the individual members of it, and transferred into the hands of the law their individual and partnership assets to be distributed to their individual and partnership creditors. Jones was not a party to that adjudication. As already stated, the assets of McEwen & Jones passed into the hands of McEwen, charged with the payment of the debts of that firm. A portion of those assets reached the hands of McEwen's assignees in bankruptcy. That portion is perfectly identified, and the assignees have kept a distinct account of it.

The assignees of William McEwen or of McEwen & Sons acquired no title under the deed of assignment to the assets which thus found their way into their possession. Amsinck v. Bean, 22 Wall. [89 U. S.] 395; Holland v. Fuller, 13 Ind. 195. Part of the debts of McEwen & Jones are still unpaid, and those unpaid creditors, or Jones as surviving partner, in their behalf, have a right to the assets in controversy. Exceptions overruled.